[710 NYS2d 387]

In the Matter of WILLIAM J. CAREW (Admitted as WILLIAM JOHN CAREW), an Attorney, Resignor.

Second Department, July 3, 2000

**APPEARANCES OF COUNSEL**

*William J. Carew*, Montauk, resignor *pro se.*

*Grace D. Moran*, Syosset (*Stacy J. Sharpelletti* of counsel), for Grievance Committee for the Tenth Judicial District.

**OPINION OF THE COURT**

Per Curiam.

William J. Carew has submitted an affidavit, dated March 14, 2000, wherein he tenders his resignation as an attorney and counselor-at-law (*see*, 22 NYCRR 691.9). Mr. Carew was

admitted to the practice of law at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on December 21, 1960, under the name William John Carew.

Mr. Carew avers that he is the subject of an ongoing investigation by the Grievance Committee, that evidence of professional misconduct on his part has been adduced, that charges would be prosecuted against him, and that he could not defend himself on the merits of those charges. Mr. Carew acknowledges that in July 1997 a check for $13,277.67 was delivered to him, representing the down payment on a pending real estate transaction in which he represented the seller. Pursuant to the contract of sale, Mr. Carew was to hold the funds in escrow for the benefit of the parties. In December 1998 the purchaser and seller authorized the transfer of funds to another attorney. Mr. Carew's delay in complying with the successor attorney's request that the funds be forwarded to him resulted in a complaint with the Grievance Committee. Although the down payment was turned over on or about January 19, 1999, and the complainant requested that the complaint be withdrawn, Mr. Carew failed to properly deposit, maintain, and preserve the funds intact in an escrow account while they were entrusted to him.

Mr. Carew avers that his resignation is freely and voluntarily rendered and that he is not subject to coercion or duress by anyone. While he is proceeding *pro se,* Mr. Carew has discussed his decision to resign with an attorney and other persons whose advice and counsel he respects, and is fully aware of the implications of submitting his resignation, and notes that he will be barred by Judiciary Law § 90 and the Court rules from seeking reinstatement as an attorney for at least seven years.

Mr. Carew's proffered resignation is submitted subject to any application which could be made by the Grievance Committee for an order directing that he make restitution, if any, and that he reimburse the Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90 (6-a). Mr. Carew acknowledges the continuing jurisdiction of the Court to make such an order and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee recommends acceptance of the proffered resignation. Its investigation has confirmed that Mr. Carew turned over the $13,277.67 to substitute counsel.

As the proffered resignation is in conformity with the rules of this Court it is accepted. Mr. Carew is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., O'BRIEN, RITTER, SANTUCCI and JOY, JJ., concur.

Ordered that the resignation of William J. Carew is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, William J. Carew is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that William J. Carew shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, William J. Carew is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.